# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL PATRICK ADAMS,

    *Petitioner*,

vs.

RENEE BAKER, *et al.*,

    *Respondents*.

No. 3:14-cv-00464-RCJ-VPC

ORDER

This habeas action comes before the Court for initial review of the papers presented.

The papers presented are subject to multiple substantial defects.

First, petitioner did not properly commence the action by submitting a properly completed pauper application. Under Local Rule LSR 1-1, a petitioner must use the Court's required pauper application form to seek pauper status. Under Local Rule LSR 1-2, a petitioner must attach both a financial certificate authorized by an appropriate correctional official and a statement of his inmate trust account for the prior six months. Petitioner used a financial certificate from a state court form, and he did not attach a copy of his inmate trust account statement for the prior six months. Petitioner must use this Court's forms, in their entirety, and he must attach all required materials.

Second, petitioner did not use the required petition form. Under LSR 3-1 of the local rules, petitioner must file a habeas petition on the Court's required § 2254 petition form. Petitioner instead used the required petition form essentially as a cover document for an entirely handwritten petition consisting of an incorporated memorandum. Petitioner must use the Court's petition form, in its entirety, to state all of his grounds, in their entirety. He may

not use other incorporated documents to state his claims. The claims instead must be stated within the four corners of the petition form itself.

Due to these multiple defects, the Court will dismiss this improperly-commenced action without prejudice. The dismissal of this action without prejudice will not necessarily result, in and of itself, in the one-year federal limitation period expiring or materially impact other issues in timely-filed new action.[1]

IT THEREFORE IS ORDERED that the pauper application (#1) is DENIED without prejudice and that this improperly-commenced action shall be DISMISSED without prejudice.

IT FURTHER IS ORDERED that any pending motions herein are DENIED as moot.

IT FURTHER IS ORDERED that, to the extent required in this procedural context, a certificate of appealability is DENIED. For the reasons discussed herein, jurists of reason would not find the district court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect. As discussed herein, no adverse limitation consequences or other substantial procedural prejudice will result from the dismissal.

The Clerk of Court shall SEND petitioner two copies each of a § 2254 habeas petition form and a pauper application form, along with one copy each of the instructions for the forms and of the papers presented in this action.

---

[1] The papers presented and the online records of the state courts reflect the following.

Petitioner Daniel Patrick Adams challenges his Nevada state conviction, pursuant to a jury verdict, of assault with a deadly weapon, second-degree kidnapping, and battery constituting domestic violence with the use of a deadly weapon resulting in substantial bodily harm. It appears that he was sentenced on February 23, 2009, to multiple sentences including consecutive sentences totaling 60 to 180 months with 79 days credit for time served.

The Supreme Court of Nevada affirmed on direct appeal on June 21, 2010, under No. 53373 in that court. The time for seeking *certiorari* review expired on or about Monday, September 20, 2010.

After 246 days had passed, on May 25, 2011, petitioner filed a state post-conviction petition. The Supreme Court of Nevada ultimately affirmed the denial of relief, and the remittitur issued on August 19, 2014. As of that point, it appears that approximately 119 days remained in the federal limitation period.

Nothing herein constitutes a definitive finding by the Court with regard to the specific calculation of the federal limitation period. Petitioner at all times remains responsible for calculating the running of the limitation period and timely presenting properly claims.

1       The Clerk shall enter final judgment accordingly, dismissing this action without
2 prejudice.

3       DATED:    September 9, 2014.

```
                                    _____
                                    ROBERT C. JONES
                                    United States District Judge
```